**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 114432

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Kimberly A. Hoffman, Denis Graziano and Jaime Rapuzzi, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Genpact Services LLC,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Kimberly A. Hoffman, Denis Graziano and Jaime Rapuzzi, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Genpact Services LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Kimberly A. Hoffman is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Denis Graziano is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiff Jaime Rapuzzi is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

8. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

9. On information and belief, Defendant Genpact Services LLC, is a New York Limited Liability Company with a principal place of business in NEW YORK County, New York.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## INDIVIDUAL ALLEGATIONS

12. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

13. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

14. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

15. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

16. In its efforts to collect the debt alleged owed by Plaintiff Hoffman, Defendant contacted Plaintiff Hoffman by letter ("the Hoffman Letter") dated August 16, 2017. ("**Exhibit 1**.")

17. In its efforts to collect the debt alleged owed by Plaintiff Graziano, Defendant contacted Plaintiff Graziano by letter ("the Graziano Letter") dated September 18, 2017. ("**Exhibit 1**.")

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

18. In its efforts to collect the debt alleged owed by Plaintiff Rapuzzi, Defendant contacted Plaintiff Rapuzzi by letter ("the Rapuzzi Letter") dated September 25, 2017. ("**Exhibit 1**.")

19. The Hoffman Letter, the Graziano Letter, and the Rapuzzi Letter (collectively, "the Letters") are materially identical.

20. The Letters were the initial communications to each Plaintiff.

21. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

22. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

23. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

24. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

25. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

26. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

27. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

28. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

29. The failure to clearly convey the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

30. The Hoffman Letter sets forth an "Total Account Balance" of $667.09.

31. The Hoffman Letter sets forth an "Amount Now Due" of $223.00.

32. The Graziano Letter sets forth an "Total Account Balance" of $1,477.73.

33. The Graziano Letter sets forth an "Amount Now Due" of $261.00.

34. The Rapuzzi Letter sets forth an "Total Account Balance" of $4,013.24.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

35. The Rapuzzi Letter sets forth an "Amount Now Due" of $626.00.

36. The Letters state, "Your total account balance (and with it, the amount now due) may increase because of interest or other charges."

37. The Letters fail to indicate the nature of the "other charges."

38. The Letters state only that these unspecified charges **may** cause the balance to increase, which is insufficient for the purposes of accurately informing Plaintiff "that the amount of the debt stated in the letter will increase over time." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 77 (2d Cir. 2016).

39. The least sophisticated consumer would likely not understand, based on the conditional language "may," whether such actually means that such unspecified charges will cause the amount due to change.

40. The least sophisticated would likely not understand, based on the conditional language "may," what provision, if any, gives rise to the potential unspecified charges.

41. The Letters fails to state that the creditor will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

42. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

43. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

44. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether such unspecified charges would accrue, or whether the amount of the debt was static.

45. The Letters, because of the aforementioned failures, do not contain an explanation of any charges that may cause the balance to increase.

46. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

47. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

48. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

49. The Letters, because of the aforementioned failures, violates 15 U.S.C. § 1692e and 15 U.S.C. § 1692g. *See Balke v. Alliance One Receivables Management, Inc.*, No. 16-cv-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017); *Roth v. Solomon and Solomon, P.C.*, 17-CV-0868(JS)(AKT), 2018 WL 718402 (E.D.N.Y. Feb. 5, 2018)

## CLASS ALLEGATIONS

50. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter substantially the same as the Letters herein, from one year before the date of this Complaint to the present.

51. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

52. Defendant regularly engages in debt collection.

53. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter substantially the same as the Letters herein.

54. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

55. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

56. Plaintiffs will fairly and adequately protect and represent the interests of the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

57. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiffs' costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: August 1, 2018

**BARSHAY SANDERS, PLLC**

By: ___/s/ Craig B. Sanders___
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 114432

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6